[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10023
Non-Argument Calendar

_____

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| OCTOBER 27, 2011 |
| JOHN LEY |
| CLERK |

D. C. Docket No. 4:10-cv-10007-KMM

CENTENNIAL BANK,
a foreign corporation,

Plaintiff -
Cross Defendant -
Appellee,

ANTHONY SAUTA,
individuals, et al.,

Third Party Plaintiffs,

versus

THE NOAH GROUP, LLC,
a Florida limited liability company,

Defendant - Appellant,

JOSEPH CANNOVA,
an individual,

Defendant -
Cross Claimant -
Appellant,

ANTHONY SAUTA,
an individual,
RONALD J. COSTELLO,
an individual,
R. REGINALD HYDE,
an individual,
JOHN M. REYNOLDS,
an individual,

Defendants -
Counter Claimants -
Cross Claimants -
Appellants,

GEORGE P. IRISH
individuals,
et al.,

Defendants -
Cross Defendants -
Appellees,

TIMOTHY KOENIG,

Third Party Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 27, 2011)

Before TJOFLAT, CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph Cannova, Anthony Sauta, Ronald J. Costello, R. Reginald Hyde, and John M. Reynolds (collectively, "Cross-Claimants") appeal the district court's dismissal under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b) for failing to allege fraud with particularity against George P. Irish and Sandra K. Irish. We affirm.

In the fall-out from a foreclosure, Cross-Claimants filed a cross-complaint against the Irishes, alleging two counts of fraud. Cross-Claimants appeal the ultimate dismissal only of Count II, in which they argued that George P. Irish defrauded Cross-Claimants into signing a $428,571.43 promissory note and second mortgage against real property in Key West, Florida, which Cross-Claimants had previously purchased from the Irishes.[1] The district court dismissed Count II without prejudice because it did not "identify (1) what false or fraudulent statements were made that resulted in Cross-Claimant's detrimental reliance, (2) when these statements were made, and (3) the content of these statements."

Cross-Claimants filed an amended complaint that alleged that George P. Irish had "misrepresented to the Cross-Claimants that he was entitled to the promissory note and mortgage as an advance payment of profits on an investment

---

[1]     Cross-Claimants do not appeal the dismissal of the first count of fraud or a third count that was added in the amended complaint, and therefore those appeals are waived. DeYoung v. Schofield, 609 F.3d 1260, 1282 n.21 (11th Cir. 2010).

3

of monies in Florida by the Cross-Claimants" and that this misrepresentation resulted in an invalid "promissory note and mortgage [being] recorded" against the Key West property "on or about March 28, 2006." The district court again dismissed Count II, this time with prejudice, because it did "not state with particularity what statements were made to induce Cross-Claimants to execute a note and mortgage in favor of the [Irishes], [did] not state the time and place of any statements or who made the statements, and [did] not state the manner in which any statements misled the Cross-Claimants."

We review de novo a dismissal under Rule 12(b)(6). Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1199 (11th Cir. 2001). "The allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff." Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). This court has explained that Rule 9(b) "is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of

4

omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Ziemba, 256 F.3d at 1202 (quotations omitted).

In the current case, Cross-Claimants' amended cross-complaint falls short of satisfying Rule 9(b). While they are correct in stating that the amended cross-complaint did include the content of the allegedly fraudulent statements and who made them, it still did not include where the fraudulent statements were made or how they were communicated (orally or in which documents). It also did not include when the statements were made. The amended cross-complaint did say that the result of the fraudulent statements was that a promissory note and second mortgage were recorded "on or about March 28, 2006," but that information does not indicate when the allegedly fraudulent statements themselves were made.

Courts should be aware that "application of Rule 9(b) . . . must not abrogate the concept of notice pleading," but the "particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511-12 (11th Cir. 1988) (quotations omitted). Where a complaint does not set out the time, location, or method of communication of allegedly fraudulent

5

statements, it does not satisfy Rule 9(b).  See Cooper v. Blue Cross & Blue Shield of Fla., 19 F.3d 562, 567 (11th Cir. 1994) ("[P]leading must include facts as to time, place, and substance of the defendant's alleged fraud."); Ziemba, 256 F.3d at 1202.

**AFFIRMED.**[2]

---

[2]     Cross-Claimants' request for oral arguments is DENIED.